**Eusibio MUNOZ–CASAREZ, Petitioner,**
v.
**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 74–1368.

United States Court of Appeals,
Ninth Circuit.

Feb. 18, 1975.

948

Robert S. Bixby, San Francisco, Cal., for petitioner.

James L. Browning, Jr., U.S. Atty., San Francisco, Cal., for respondent.

Before MERRILL and TRASK, Circuit Judges, JAMESON,* District Judge.

## OPINION

### PER CURIAM:

Petitioner is an alien, a native and citizen of Mexico, who was admitted to the United States for permanent residence on June 13, 1956. In July, 1969, he went to Mexico to visit his parents and a sister who was ill, and was absent from this country for about one month. On January 26, 1970, he was convicted in the Superior Court of the County of Ventura, State of California, of the offense, committed on September 14, 1969, of voluntary manslaughter of his former wife, the mother of his four children. On April 18, 1973, an Order to Show Cause and Notice of Hearing was issued, charging that petitioner was subject to deportation pursuant to § 241(a)(4) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(4), which provides:

"(a) Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who—

\* \* \* \* \* \*

(4) is convicted of a crime involving moral turpitude committed within five years after entry and either sentenced to confinement or confined therefor in a prison or corrective institution, for a year or more \* \* \*."

Following hearing the immigration judge held that petitioner should be deported, and the ruling was upheld by the Board of Immigration Appeals. This petition for review was then filed. The sole question presented is whether petitioner's return to this country, following his one month absence in 1969, constituted an entry under § 241(a)(4).

Entry is defined in § 101(a)(13) of the Act, 8 U.S.C. § 1101(a)(13). It means any coming of an alien into the United States, except that an alien having a lawful, permanent residence shall not be regarded as making entry if he can satisfy the Attorney General that his departure was "not intended or reasonably to be expected by him" or was not voluntary.

Rosenberg v. Fleuti, 374 U.S. 449, 83 S.Ct. 1804, 10 L.Ed.2d 1000 (1963), dealt with the meaning of "intended" as used in § 101(a)(13) and construed it as referring to "an intent to depart in a manner which can be regarded as meaningfully interruptive of the alien's permanent residence." 374 U.S. at 462, 83 S.Ct. at 1812. Among the criteria to be considered are length of the absence, purpose of the visit and whether travel documents are necessary. In *Fleuti*, the absence from the United States was for a few hours, and application of § 101(a)(13) rendered the alien excludable on re-entry. The Court held the return to this country under these circumstances not to be an entry.

Here the absence was for the far more substantial period of thirty days. It was knowing and purposeful. Petitioner testified that he had planned and saved for the trip for five years. The trip involved traveling to Durango, a distance of approximately 1,000 miles into the interior of Mexico.

* Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation.

Petitioner asserts that he never intended to abandon his residence in the United States. That, however, is not the test. It is not abandonment of residence that constitutes a return to this country an "entry." It is a departure which is "meaningfully interruptive" of residence. Upon the facts here presented, the record supports the holding of the immigration judge and the Board of Immigration Appeals that petitioner's return to this country from Mexico constituted an entry under § 241(a)(4).

Affirmed.